## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

*Plaintiff,*

vs.

ALFREDO FRANCO, JR.,

*Defendant.*

Case No. 14-10205-EFM

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant's Motion to Reduce Sentence (Doc. 68). He seeks early release from prison due to COVID-19. The government opposes Defendant's motion. For the reasons stated in more detail below, the Court denies Defendant's motion.

### I.       Factual and Procedural Background

On July 6, 2015, Defendant pleaded guilty to one count of receipt and distribution of child pornography, a violation of 18 U.S.C. § 2252(a)(2). On October 13, 2015, Defendant was sentenced to 110 months imprisonment and 10 years supervised release. Defendant appealed his sentence to the Tenth Circuit. He argued that his 110-month imprisonment term was substantively unreasonable. The Tenth Circuit disagreed and found that this Court did not abuse its discretion in sentencing Defendant.

Defendant is 38 years old, and he is currently incarcerated at Oklahoma City FTC.  There have been 137 positive COVID-19 cases in that facility, and one inmate has died.[1]  Currently, there are 107 active inmate cases and five active staff cases.[2]  Defendant's projected release date is July 23, 2023.

On July 10, 2020, Defendant filed a motion seeking early release due to the risk of contracting COVID-19 in prison.  He states that he suffers from seasonal allergies that cause shortness of breath.

District of Kansas Standing Order 19-1 appoints the Federal Public Defender ("FPD") to represent indigent defendants who may qualify to seek compassionate release under § 603 of the First Step Act.  Administrative Order 20-8 supplements 19-1 and sets forth procedures to address compassionate release motions brought on grounds related to the COVID-19 pandemic.  Under 20-8, the FPD has 15 days to notify the Court whether it intends to enter an appearance on behalf of any pro se individual filing a compassionate release motion based on COVID.  Here, the FPD notified the Court that it did not intend to enter an appearance to represent Defendant.

## II.      Legal Standard

The First Step Act amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), to allow a defendant to file his own motion for release.[3]  It allows defendants to seek early release from prison provided certain conditions are met.  First, "a criminal defendant may file a motion for compassionate release only if: '(1) he has exhausted all administrative rights to appeal the

---

[1] Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited September 15, 2020).

[2] There are 159 pending tests. 1,142 inmates have completed tests.

[3] *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

[Bureau of Prisons' ("BOP")] failure to bring a motion on his behalf, or (2) 30 days have passed since the warden of his facility received his request for the BOP to file a motion on his behalf.' "[4] The administrative exhaustion requirement is jurisdictional and cannot be waived.[5]

Next, if a defendant satisfies the exhaustion requirement, the Court may reduce the defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the Court determines: (1) "extraordinary and compelling reasons warrant such a reduction;" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community."[6] Finally, the Court must ensure that any reduction in the defendant's sentence under this statute is "consistent with applicable policy statements issued by the Sentencing Commission."[7]

---

[4] *United States v. Boyles*, 2020 WL 1819887, at *2 (D. Kan. 2020) (citing *United States v. Alam*, 2020 WL 1703881, at *2 (E.D. Mich. 2020)); *see also* 18 U.S.C. § 3582(c)(1)(A).

[5] *See United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *United States v. Read-Forbes*, --- F. Supp. 3d ---, 2020 WL 1888856, at *3–4 (D. Kan. 2020) (examining the text, context, and historical treatment of § 3582(c)'s subsections to determine that the exhaustion requirement is jurisdictional); *Boyles*, 2020 WL 1819887, at *2 (determining that exhaustion of administrative remedies is a prerequisite for the court's jurisdiction); *cf. United States v. Younger*, 2020 WL 3429490, at *3 (D. Kan. 2020) (reasoning that the Sixth Circuit's approach articulated in *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), is "highly persuasive," and concluding that § 3582(c)(1)(A)'s exhaustion requirement is a claims-processing rule).

[6] 18 U.S.C. § 3582(c)(1)(A)(i)-(ii).

[7] *Id.*; *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (holding that the Sentencing Commission's policy statement regarding 18 U.S.C. § 3582(c)(2) remains mandatory in the wake of *United States v. Booker*, 543 U.S. 220 (2005)).

### III.    Analysis

Defendant seeks early release based on the spread of COVID-19 in prison.  He states that he has seasonal allergies.  The government asserts that Defendant is not an appropriate candidate for early release.

### A.    Exhaustion

Defendant has satisfied the exhaustion requirement described in § 3582(c).  He requested compassionate release from the Warden on June 3, 2020.  As of July 10, Defendant had not received a response from the Warden.  The government also admits that Defendant meets the exhaustion requirement.  Thus, because more than 30 days have passed since Defendant's request, the Court has jurisdiction to decide his motion.

### B.    Extraordinary and Compelling Reasons

Defendant next asserts that his medical condition of seasonal allergies that causes shortness of breath, coupled with the outbreak of COVID-19, constitutes an extraordinary and compelling reason warranting a sentence reduction under § 3582(c)(1)(A).  This condition does not constitute an underlying health condition that would make him more susceptible to severe complications if he were to contract COVID-19.  Generalized concerns about COVID-19, even when the virus has spread within a correctional facility, do not create the type of extraordinary and compelling circumstances sufficient to justify compassionate release.[8]  Accordingly, because Defendant does not make any individualized showing about his increased vulnerability to contracting COVID-19

---

[8] *United States v. Dial,* 2020 WL 4933537, at *3 (D. Kan. 2020) (citing *United States v. Seymon*, 2020 WL 2468762, at *4 (C.D. Ill. 2020) ("The Court does not seek to minimize the risks that COVID-19 poses to inmates in the BOP," however, "the mere presence of COVID-19 in a particular prison cannot justify compassionate release – if it could, every inmate in that prison could obtain release.")).

and having significant or severe health issues, he does not meet his burden in demonstrating extraordinary and compelling circumstances warranting compassionate release.

**C**.      **Section 3553(a) Factors**

The Court's conclusion is bolstered by a consideration of the applicable sentencing factors enumerated in 18 U.S.C. § 3553(a).[9]  Some of these factors include the nature and circumstances of the offense; the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, and protect the public from future crimes by the defendant; and the need to avoid unwarranted sentence disparities.[10]

Defendant pleaded guilty to the serious offense of receipt and distribution of child pornography.  The sentencing guideline range was 151 to 188 months based on Defendant's offense.  The Court sentenced Defendant to 110 months imprisonment.  The Court took into account Defendant's lack of criminal history and military service.  Yet, the Court found this sentence to be appropriate due to "the horrific nature of the crimes involved."[11]

At this point, Defendant has approximately three years left on his sentence.  The Court remains convinced that 110 months is the appropriate sentence.  Reducing Defendant's sentence to time served would not reflect the seriousness of Defendant's criminal conduct nor provide adequate deterrence or appropriate punishment.  Furthermore, as noted above, Defendant is not at high risk of contracting serious COVID-19 complications based on his seasonal allergies.

---

[9] 18 U.S.C. § 3582(c)(1) (stating that the court should consider the factors set forth in § 3553(a) when determining the length of imprisonment).

[10] 18 U.S.C. § 3553(a).

[11] Doc. 60 at 33-34.

Accordingly, the Court finds that Defendant does not demonstrate extraordinary and compelling reasons to warrant his early release from prison.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence (Doc. 68) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 16th day of September, 2020.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE